IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Antonio Wise,<br><br>               Plaintiff,<br>vs.<br><br>Elizabeth B. Young, Second Judicial Circuit Solicitor; Nicholas R. McCarley, Second Judicial Circuit Public Defender,<br><br>               Defendants. | Civil Action No. 1:25-cv-436-CMC<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

      The Magistrate Judge filed a Proper Form Order (ECF No. 8) and Order and Notice (ECF No. 9) notifying Plaintiff his claims were subject to summary dismissal but allowing him to attempt to correct defects in his Complaint by filing an Amended Complaint. He was warned failure to do so by February 20, 2025, would result in the Magistrate Judge recommending his claims be dismissed without leave for further amendment. ECF No. 9 at 5. Plaintiff filed a letter requesting the court "help him out," as he does not have access to a law library. ECF No. 11. The Magistrate Judge entered an Order informing Plaintiff the court cannot provide legal advice and noting this litigation must be conducted according to the Federal Rules of Civil Procedure. ECF No. 12. Plaintiff filed a form Amended Complaint on February 18, 2025, but it contained no factual allegations and requested no relief. ECF No. 15.

On February 19, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this action be dismissed without prejudice and without leave for further amendment. ECF No. 19. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections or any other filing with this court, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report by reference in this Order. This action is dismissed without prejudice and without leave for further amendment.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
March 18, 2025